UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Katharina Marshall,   Case No. 3:16-cv-2620

    Plaintiff,

v.   MEMORANDUM OPINION
AND ORDER

Commissioner of Social Security,

    Defendant.

## I. INTRODUCTION

Plaintiff Katharina Marshall has filed a motion for payment of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 29). The Commissioner filed a response to the motion. (Doc. No. 31). Marshall did not file a reply.

## II. ANALYSIS

Under 42 U.S.C. § 406(b), when a claimant seeking social security disability benefits prevails in court, the court may award the claimant's attorney a reasonable fee for the successful representation. 42 U.S.C. § 406(b)(1)(A). The fee may not exceed 25% of the past-due benefits awarded through the judgment and is taken "out of, and not in addition to, the amount of such past-due benefits." *Id.*

The Sixth Circuit "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Marshall signed a contingency-fee agreement for 25% of her past-due benefits on June 25, 2013. (*See* Doc. No. 29-2). Still, § 406(b) requires "review of such arrangements as an

independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Accordingly, the presumption of reasonableness may be rebutted, and the attorney's requested fee reduced, "based on the character of the representation and the results the representation achieved." *Id.* at 808. The Commissioner does not argue Marshall's counsel acted deficiently and does not oppose the fee award in this case. (*See* Doc. No. 31 at 1).

Absent improper or ineffective conduct by the requesting attorney, a reviewing court must approve a fee request where "the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec. of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). *Hayes* thus sets a *de facto* hourly rate "floor," and a fee at or below that floor is *per se* reasonable under these circumstances. *See id.*

The Sixth Circuit has not provided definitive guidance on how district courts should calculate the "standard rate." *Compare Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 823-24 (S.D. Ohio 2018) (using the EAJA rate as the primary benchmark in determining the standard rate) *with Sykes v. Comm'r of Soc. Sec.*, 144 F. Supp. 3d 919, 925-26 (E.D. Mich. 2015) (using the rate charged by the 95th percentile of public benefits attorneys in Michigan as the standard rate). But "[w]here an attorney has a 'standard rate' for comparable noncontingent fee cases, it is appropriate for [a] Court to consider such evidence." *Ringel*, 295 F. Supp. 3d at 829 (citing *Gisbrecht*, 535 U.S. at 808).

I have previously noted that $350 per hour is "a typical rate for non-contingent social security work." *Buck v. Comm'r of Soc. Sec.*, 2022 WL 4104333 at *2 (N.D. Ohio Sept. 8, 2022). Further, a 2020 decision of the United States District Court for the Northern District of Ohio, which the Sixth Circuit affirmed in a published opinion, concluded that $336 per hour is the market

2

rate for social security benefits attorneys in Ohio.¹ *Steigerwald v. Saul*, No. 1:17-cv-01516, 2020 WL 6485107 at *5 n.81 (N.D. Ohio, Nov. 4, 2020) (aff'd *Steigerwald v. Comm'r of Soc. Sec.*, 48 F.4th 632 (6th Cir. 2022)); *see also Hayes*, 923 F.2d at 422 (explaining that its "multiplier" rule emerged from a desire to ensure that social security benefits attorneys were adequately compensated when "averaged over many cases").

Marshall's counsel, Marcia Margolius, attached several documents to her motion, including Notice of Award documents for Marshall and her minor dependent, a timesheet, an affidavit, and Margolius's resume.² (*See* Doc. No. 29-3; Doc. No. 29-4; Doc. No. 29-5). These documents show that Margolius spent 19.2 hours on this case and that her non-contingent hourly rate is $350. (*See* Doc. No. 29-3; Doc. No. 29-4). The Notice of Award documents indicate Marshall and her minor dependent were awarded a total of $75,588.90 in past-due benefits. (*See* Doc. No. 29-1 at 4-5, 13-14). Margolius requests a fee of $8,640.00. (Doc. No. 29 at 3). That number is 11.4% of the past-due benefits award, and it yields a *de facto* hourly rate of $450.

If I use a $350 per hour standard rate, based on Margolius's suggestion or based on my previous survey of cases in this District, the *Hayes* floor would be $700. If I use a $336 per hour standard rate based on *Steigerwald*'s identification of the market rate, the *Hayes* floor would be $672. Either way, because the *de facto* hourly rate of Margolius's fee, $450, is below the *Hayes* floor, her fee request is *per se* reasonable. Therefore, I approve Margolius's requested fee of $8,640.00.

---

¹ The district court in *Steigerwald* relied on a 2019 report published by the Ohio State Bar Association showing that the average hourly rate for social security benefits attorneys in Ohio is $336. *See* The Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2019* at 45. This is the most recent edition of the report at the time of writing.

² Because Margolius is the attorney who would benefit from the award, she is "the real part[y] in interest" for purposes of this motion. *Gisbrecht*, 535 U.S. at 798 n.6. For clarity, I refer to Margolius rather than Marshall in describing the arguments and evidence offered to support the fee award.

3

The Commissioner requests that this opinion and order "indicate the amount of any § 406(b) award it authorizes but decline to include language directing that the Commissioner 'pay' the award." (Doc. No. 31 at 2). Alternatively, "the Commissioner requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." (*Id.*). I approve the award and authorize it to be paid out of the past-due benefits of Marshall and her minor dependent in accordance with agency policy.[3]

### III. CONCLUSION

Accordingly, Marshall's motion is granted, and her counsel is awarded a fee of $8,640.00 under 42 U.S.C. § 406(b). (Doc. No. 29). When counsel for the parties verify that Marshall owes no pre-existing debts to the United States that are subject to offset, the Commissioner will direct that, following payment of Marshall's counsel, the remaining money withheld from Marshall's past-due benefits for the payment of her attorney fees be released to Marshall.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[3] The Notice of Award documents attached to the motion indicate the Commissioner has already withheld $13,772.98 in past-due benefits from Marshall and $5,124.25 in past-due benefits from her minor dependent to pay counsel in this case. (Doc. No. 29-1 at 5, 14).